W. G. YOAKUM et al. v. REBECCA COWAN.

Eastern Section.   June 25, 1927.

Petition for Certiorari denied by Supreme Court, October 11, 1927.

1. **Wills.   Evidence.   Wording of will held to give widow an annuity.**
   The wording of a will giving the widow $600 annually to be paid from income on personal property, held, to give her an annuity regardless of whether the personal property yielded an income of that amount.

2. **Wills.   Widow relinquishing her statutory rights of dower in an estate to take an annual bequest takes the same as a purchaser.**
   In an action on a will where the testator left to his wife $600 a year to be paid from the income of his personal property and the income from the personal property was not sufficient to pay the amount and it further appeared that the widow had relinquished all her statutory rights in view of the provisions of the will, held that she was entitled to receive this amount yearly from the estate and before other bequests were paid.

Appeal from Chancery Court, Claiborne County; Hon. J. H. Wallace, Chancellor.
   Affirmed.
   Wm. I. Davis, and J. R. Ketron, of Tazewell, for appellant.
   G. W. Montgomery, of Tazewell, for appellee.

PORTRUM, J.   This appeal is prosecuted from the chancery court at Tazewell and involves the construction of the fourth clause of the will of I. N. Cowan, deceased.   The case was heard upon the bill, answer and exhibits, and a discretionary appeal was prayed and granted, so the pertinent facts are those alleged in the pleadings. It is well to say, however, that I. N. Cowan died leaving his widow, Rebecca Cowan, but no children.   And under the terms of his will he gave his wife an estate in fee in one-fourth of his real estate and a life estate in the balance, giving Oscar Cowan, Mattie Thomas and Ida Thompson a one-fourth each in the real estate, but subject to the life estate of Rebecca Cowan.   He also provided that at the death of Rebecca Cowan, three-fourths of the personal property should be given to the three named persons, but that the widow should have the right to dispose of one-fourth as she saw fit.   The widow was named executrix of the estate without bond.
   After the will had been probated and the rights of the parties fixed Oscar Cowan and Mattie Thomas, who were given the interest above stated under the terms of the will, sold and conveyed all of their interest, both in the real estate and personal property, to W. J. Yoakum and William I. Davis.   So these two, joining with them Ida Thompson, bring this bill, alleging that Rebecca Cowan, who is

administering the estate without bond, is committing waste and other acts of mal-administration, and pray that a receiver be appointed to take charge of the property and administer the estate pending the litigation in question. It is further alleged that under the fourth clause of the will the widow, Rebecca Cowan, is setting up a claim to a $600 annuity, whereas under a correct construction of this clause she is only entitled to $600 annually for her support, provided the interest accruing from the personal property amounts to this sum; otherwise, only the amount of interest accruing. And the construction of the will, and especially the fourth clause is asked.

Mrs. Rebecca Cowan, who it appears is an aged lady, answers the bill through her counsel, and denies the charges of mal-administration, but joins in a request for a construction of the fourth clause of the will, averring that under a correct construction she is entitled to the full sum of $600 annually as her support, and that, she being the widow and having waived her rights to homestead, dower, year's support and the exempt property, in order to carry out the will of her husband, she is, therefore, entitled to take as a purchaser and not as a gratuitous legatee or devisee.

It appears that the testator left only $5800, and the interest upon this sum at the legal rate of six per cent will yield only $348, and therefore the interest is not sufficient to discharge the $600 annual payment. The fourth clause of the will reads as follows:

"I desire and direct my wife, Rebecca Cowan, at my death to take charge of my money, notes, due bills, certificates of deposit, and all evidence of debts, and keep the same loaned out. From the interest of this sum she will deduct the sum of $600 annually for her support. At her death three-fourths of this sum will be equally divided between Oscar Cowan, Mattie Thomas and Ida (daughter of my brother, S. A. Cowan), and the remainder one-fourth she may dispose of as she may see fit."

The Chancellor held that the primary intention of the testator was to secure to the widow a comfortable support, and that while he was mistaken as to the amount of income his personal estate would yield, yet that nothwithstanding the fact the income would not yield $600, he intended this sum as a yearly support for his widow, and to hold otherwise would be to sacrifice the primary intention of the testator for an incidental provision. He also held that since she surrendered her rights as a widow, she must then be treated as a purchaser for value, and the said sum of $600 must be paid her at all events. We might add here that the rights surrendered by the widow were greater than the amount given under the will, in the event she be paid $600 annually.

We think the Chancellor correctly construed this will, and that the construction is controlled by the authority of Overton v. Lea, 108 Tenn., 505, 68 S. W., 250. In that case it is said: Where a testator bequeaths to his widow his entire personal estate and the annuity which is charged upon his land and their rentals, and she accepts provisions thus made, and enters no dissent to the will, she takes the personalty and the annuity, in the absence of any expression or indication of a contrary intent in the will, as a purchaser, and upon consideration of her relinquishment of her statutory right of dower in the estate; and in the event of a deficiency of personal assets for the payment of debts, her bequest will be accorded precedence over other legatees or devisees, whether general or personal, bestowed as gratuities, and the latter will be abated, or even exhausted for her protection against creditors of the estate. It is further said a widow takes personal property free of debts, notwithstanding the fact that there is provision charging an annuity in her favor upon realty and its rentals without mention of other charges. She is also entitled, if the surplus of rents prove insufficient, to pay her the said annual sum of $5,000, to have the same made out of the corpus of the real estate so charged with its payment.

It is fair to say that the testator knew the amount of his personal property, and knew the legal rate of interest it would yield, and was aware that the personal property would not yield $600 when he named $600 as the sum for her support. The case of Morgan v. Pope, 7 Cold., 541, is not in conflict with this holding, nor Overton v. Lea, supra, because the gift in that case was not to the widow, who had waived her rights as the widow.

Without entering into a discussion of specific and demonstrative legacies, we are content to say that, in our opinion, the rule as laid down in Overton v. Lea, supra, controls, and the construction placed upon the fourth clause of the will by the Chancellor is the correct construction. The complainants have no right to complain because the widow has failed to loan the funds. We think she should be charged with a fair return on the funds in her hands, and she is entitled to be paid, in addition, a sum sufficient to create an annual sum of $600. The parties would be entitled to a receivership only in case of a real danger of loss to the corpus of the estate; that is, of the three-fourths interest in the personal property willed the three parties.

For the reasons above stated the decree of the Chancellor is affirmed, and the case is remanded to the chancery court of Claiborne county for further proceedings.

Snodgrass and Thompson, JJ., concur.